**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30146 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00146-BLW-1 |
| v. | |
| JUAN JOSE SANCHEZ, AKA GHOST, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Juan Jose Sanchez appeals from the district court's judgment and challenges the sentence imposed following his guilty-plea conviction for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sanchez argues the district court erred by imposing a below-Guidelines fine to be paid according to a set schedule. We review for plain error, *see United States v. Hernandez-Arias*, 757 F.3d 874, 879 (9th Cir. 2014), and conclude there is none. Sanchez fails to demonstrate a present or future inability to comply with the payment schedule set by the district court. *See United States v. Haggard*, 41 F.3d 1320, 1329 (9th Cir. 1994) (concluding that "[a] court may fine a presently indigent defendant if it finds that the defendant has sufficient earning capacity to pay the fine in the future" and affirming where the defendant "made no showing of future inability to pay").

Sanchez also challenges his custodial term and contends that the district court should have treated his prior juvenile conviction as a reflection of his difficult and traumatic background, rather than an aggravating factor. The record does not support his contention. The court only briefly mentioned his prior juvenile conviction when discussing Sanchez's lengthy criminal history and expressly considered his difficult background as a mitigating factor. The court's treatment of his juvenile offense was not an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 96-month term is substantively reasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors, including the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**